CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 12 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EDWARD F. DORCUS, JR, <br> Petitioner, | ) <br> ) <br> ) | Civil Action No. 7:08-cv-00507 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| WARDEN S. K. YOUNG, <br> Respondent. | ) <br> ) <br> ) | By: Hon. James C. Turk <br> Senior United States District Judge |

Edward F. Dorcus, Jr., a Virginia prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Dorcus challenges his conviction for distribution of cocaine as a subsequent offense from the Circuit Court of Allegheny County. The respondent filed two motions to dismiss, and Dorcus filed responses to each motion, making the matter ripe for the court's disposition. After reviewing the record, the court grants the respondent's motions to dismiss and dismisses Dorcus' petition for a writ of habeas corpus as untimely.

I.

The Circuit Court of Allegheny County convicted Dorcus on September 29, 2004, for distribution of cocaine as a subsequent offense and sentenced him to five years incarceration. Dorcus filed a direct appeal to the Court of Appeals of Virginia, which dismissed the appeal on May 31, 2005, for not being timely filed. (Resp't Second Supp. Mem. (docket #17) Ex. A.) Dorcus did not appeal that decision to the Supreme Court of Virginia.

Dorcus filed a petition for a writ of habeas corpus in the Circuit Court of Allegheny County on September 29, 2005. Dorcus claimed that his counsel provided constitutionally ineffective assistance by failing to object to the Commonwealth's failure to produce exculpatory evidence, his guilty plea was not entered knowingly and voluntarily because of ineffective assistance of counsel, and the judge abused his discretion. (Resp't Second Supp. Mem. Ex. B at

3, 17, 19, 25, 27, 28.) The circuit court denied the petition, and Dorcus appealed to the Supreme Court of Virginia. The Supreme Court of Virginia considered the merits of the petition but dismissed it on August 9, 2007, and denied his rehearing request on September 21, 2007.

According to state court records, Dorcus filed a motion to proceed in forma pauperis in the Circuit Court of Allegheny County so he could "appeal the court's order of August 9, 2007[,] denying his petition of habeas corpus."[1] The caption on the motion read "Dorcus v. Commonwealth." The circuit court judge signed the order on October 18, 2007, a month after the Supreme Court of Virginia denied Dorcus' rehearing request. The circuit court's order only excused Dorcus from paying any future fees. (Pet'r Mot. Am. (docket #13) Ex. A.)

Dorcus also filed in the Circuit Court of Allegheny County "a notice and motion for leave to pursue a delayed appeal." The caption on this motion reads "Dorcus v. Jackson," his trial counsel, and Dorcus signed the motion on October 11, 2007, three weeks after the Supreme Court of Virginia denied his habeas rehearing request. Dorcus wrote a letter to the circuit court in January 2008 asking how to file a malpractice action against his counsel.

Dorcus, at the earliest, filed his federal petition for a writ of habeas corpus on September 12, 2008.[2] The court conditionally filed the petition, advised Dorcus that his petition appeared untimely, and directed him to supplement his petition. Dorcus responded, and the court ordered service of process. The respondent filed two motions to dismiss, and Dorcus responded. The

---

[1] The only relevant court order issued on August 9, 2007, was from the Supreme Court of Virginia, not the circuit court, dismissing his habeas appeal.

[2] Dorcus signed the petition on September 12, 2008, before a notary public. The United States Postal Service's date stamp on the petition's envelope says September 16, 2008. The court received the petition on September 17, 2008. In an abundance of caution, the court relies on the date of Dorcus' signature as the date Dorcus filed the petition. See Rule Governing Section 2254 Cases in the United States District Courts 3(d) (petition considered filed when deposited in the prison mailing system).

2

court also granted Dorcus' motion to amend to allow additional evidence in the case.

II.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Id. § 2244(d)(l)(A - D). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, a federal court must dismiss an untimely petition. 28 U.S.C. § 2244(d)(1).

Dorcus' statute of limitations began running on the date the challenged conviction became final. 28 U.S.C. § 2244(d)(l)(A).[3] A conviction becomes final once the availability of

---

[3] Dorcus does not allege facts or offer any argument suggesting that his federal filing period should be calculated under Subsections (B), (C), or (D) of § 2244(d)(1). Therefore, the court must calculate the statutory period under § 2244(d)(1)(A) and § 2244(d)(2).

3

appeal is exhausted, the time for filing a petition for writ of certiorari in the United States Supreme Court has expired, or the Supreme Court has denied certiorari from the highest state court's denial on direct appeal. See United States v. Clay, 537 U.S. 522 (2003). However, the clock is tolled during the pendency of any properly filed state post conviction proceeding. 28 U.S.C. § 2244(d)(2).

Dorcus did not file a direct appeal to the Supreme Court of Virginia after the Court of Appeals dismissed his direct appeal on May 31, 2005. Therefore, Dorcus' conviction became final on June 30, 2005, starting the limitations period. See Rule of Supreme Court of Virginia 5:14(a) (party has thirty days to file a notice of appeal).[4] Dorcus filed his state habeas petition on September 29, 2005. Ninety days ran between June 30, 2005, and September 29, 2005.

The circuit court dismissed the petition, and Dorcus perfected an appeal to the Supreme Court of Virginia that lasted until it denied his rehearing request on September 21, 2007. Dorcus filed his federal habeas petition no earlier than September 12, 2008, when he executed his federal petition. Even considering September 12, 2008, as the date of filing, the petition is untimely under §2254(d) because another 354 days ran between September 21, 2007, and September 12, 2008, resulting in 444 days passing since the date his conviction became final.

Dorcus argues that the circuit court's order allowing him to proceed in forma pauperis tolls the statute of limitations. While the statute of limitations is tolled during the pendency of any properly filed state post conviction proceeding, Dorcus fails to establish that he properly filed

---

[4] Dorcus argues that he is entitled to include the time he would have received to file for a petition for a rehearing and for a petition for a writ of certiorari if he had appealed the case to the Supreme Court of Virginia and lost. (Pet'r Resp. to Second Mot. Dismiss 2.) However, Dorcus is not entitled to that time because he did not file the necessary appeal; his conviction became final at the expiration of the time to file his appeal to the Supreme Court of Virginia.

4

any such proceeding. If the motion to proceed in forma pauperis or notice of delayed appeal is treated as a second state petition for a writ of habeas corpus, the claim is barred by Virginia Code § 8.01-654(A)(2).[5] At the time Dorcus filed his "second" petition, his conviction was more than three years old and his direct appeal ended more than two years ago.

Dorcus did not submit the notice of delayed appeal to the proper court, and even if he did, the notice was untimely. A motion for a delayed appeal in a criminal case is permitted to be filed with the Court of Appeals up to the later of six months after the appeal has been dismissed or the circuit court judgment sought to be appealed has become final. Va. Code Ann. § 19.2-321.1. Alternatively, a motion for a delayed appeal in a criminal case is permitted to be filed with the Supreme Court of Virginia up to the later of six months after the appeal has been dismissed or the Court of Appeals' judgment sought to be appealed has become final. Va. Code Ann. § 19.2-321.2. However, Dorcus did not file the notice of delayed appeal in an appellate court nor within the requisite time period. Therefore, these motions do not qualify as properly filed state habeas proceedings warranting statutory tolling.[6]

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. Generally, a

---

[5] Virginia Code § 8.01-654(A)(2) states that:
> A habeas corpus petition attacking a criminal conviction or sentence. . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

[6] The court also does not consider Dorcus' motion to proceed in forma pauperis filed in the Circuit Court of Allegheny County as "properly initiating" a federal habeas action. See R. Governing Section 2254 Cases in the U.S. District Courts 3(a) (petition must be filed in the office of the clerk of the federal district court).

5

petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse v. R.C. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Dorcus's mere lack of knowledge as to a statutory deadline for filing for federal habeas relief and his general unfamiliarity with the legal process do not support granting such extraordinary relief. Harris, 209 F.3d at 330. The alleged merits of Dorcus' claims also do not provide a ground for equitable tolling, as the nature of his claims has no bearing on whether he was prevented by external circumstances from filing his claims on time. As the court finds no ground on which Dorcus can invoke equitable tolling, the court concludes that his petition must be also dismissed as untimely filed, pursuant to 28 U.S.C. § 2244(d).

III.

For the foregoing reasons, the court grants the respondent's motions to dismiss and dismisses Dorcus' petition for a writ of habeas corpus.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This _12th_ day of February, 2009.

_/s/ James C. Turk_
Senior United States District Judge